UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAOUD A. RASHEED,<br><br>      *Plaintiff,*<br>v.<br><br>DISTRICT OF COLUMBIA PUBLIC SCHOOLS,<br><br><br>      *Defendant.* | 1:16-cv-00665 (CKK) |

## DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT

Pursuant to Fed. Ct. Civ. R. 12 (b)(6), the District of Columbia Public Schools moves the Court to dismiss Plaintiff's Amended Complaint because Plaintiff has sued the wrong defendant and because Plaintiff's conclusory allegations do not satisfy the minimum requirements of pleading set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

The grounds for this motion are more fully set forth in the attached Memorandum of Points and Authorities incorporated herein by a reference along with a proposed order for the Court's consideration.

Dated May 2, 2016                  Respectfully submitted,

                                         KARL A. RACINE
                                         Attorney General for the District of Columbia

1

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Jonathan H. Pittman
JONATHAN H. PITTMAN [430388]
Assistant Deputy Attorney General
Civil Litigation Division

/s/ Martha J. Mullen
MARTHA J. MULLEN [419036]
Senior Assistant Attorney General
(202) 724-6612
martha.mullen@dc.gov

/s/ Tram T. Pham
TRAM T. PHAM*
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, N.W., Suite 630 South
Washington, D.C. 20001
 (202) 724-6644
tram.pham@dc.gov

*Admitted to practice only in California.  Practicing in the District of Columbia under the direct supervision of Martha J. Mullen, a member of the D.C. Bar, pursuant to D.C. Court of Appeals Rule 49(c)(4).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAOUD A. RASHEED,**<br><br>*Plaintiff,*<br>v.<br><br>**DISTRICT OF COLUMBIA PUBLIC SCHOOLS,**<br><br>*Defendant.* | 1:16-cv-00665 (CKK) |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Pursuant to Fed. Ct. Civ. R. 12 (b)(6), the District of Columbia Public Schools moves the Court to dismiss Plaintiff's Amended Complaint because Plaintiff has sued the wrong defendant and because Plaintiff's conclusory allegations do not satisfy the minimum requirements of pleading set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

For these reasons, discussed in detail below, the Court should dismiss Plaintiff's Amended Complaint.

## BACKGROUND

Plaintiff, Daoud A. Rasheed, claims that the District of Columbia Public Schools (DCPS) hired him as a custodian on December 8, 2009, a position he held until he was

fired sometime in 2015. Am. Compl. [2] at 1-2.  Plaintiff believes that sometime in September 2012, DCPS began discriminating against him because of his religion, age and gender in violation of Title VII and the ADEA. *Id.* at 1.  Plaintiff alleges that DCPS' discriminatory conduct is apparent through unfair IMPACT rating assessments and actions by its staff. *Id.*

Plaintiff filed two EEOC complaints, one in November 2012 based upon religious discrimination (EEOC # 570-2013-00289) and another in November 2014 based upon age and gender discrimination (EEOC # 570-2015-00213).  Am. Compl. [2] P. 1.  He filed his first EEOC complaint because DCPS did not approve leave to attend his wife's funeral.  He does not provide the day or month when DCPS allegedly denied him leave.  *Id.*  He filed his second EEOC complaint in November 2014 because he claims that after he filed his first complaint in 2012, he was subjected to discriminatory and retaliatory actions by DCPS staff, but again he does not provide the day and month when the alleged unlawful conduct occurred.  *Id.*  He also asserts that DCPS promoted lesser-experienced employees and all of his supervisors were women who "exuded total dominance." *Id.*

Plaintiff claims that both of these EEOC complaints "closed" in February 2015. *Id*.  He alleges that DCPS then "waited until my rights were exhausted under the EEOC charges I filed, and then retaliated against me by terminating my employment using a pretext reasons [sic] to hide retaliatory discrimination under Title VII."[1]  Original

---

[1]    Plaintiff does not state whether the EEOC sent him a "right to sue" notice

2

Complaint [1] at p. 1.  He makes the same conclusory allegation in his Amended Complaint [2]: "DCPS terminated my employment in 2015 by instituting unlawful employment practices, which were a direct violation of [Title VII] for retaliatory discrimination."  Am. Compl. [2] P. 2.

Plaintiff's conclusory allegations are insufficient to state a claim for retaliation or discrimination.  The Court should therefore dismiss this action.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).  The Supreme Court has set forth a two-pronged test to determine whether a complaint's factual allegations meet this standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  First, the court should "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679.  Next, once a court has determined that the plaintiff has asserted "well-pleaded factual allegations," it "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

---

concerning the retaliation claim that is the subject of this action.  However, he attached to his original complaint what purports to be a right to sue letter concerning EEOC claim# 570-2016-00559, dated January 8, 2016.  But even if Plaintiff properly exhausted and timely filed his retaliation claim (which the District does not concede) he has failed to state a claim under Rule 12(b)(6).

3

For a complaint to be facially plausible, its factual allegations must support "the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (internal quotation marks and citations omitted). The complaint's factual allegations "must produce an inference of liability strong enough to nudge the plaintiff's claims across the line from conceivable to plausible." *Id.* at 680 (internal quotation marks and citations omitted).

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Nonetheless, it "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). Thus, even for a *pro se* plaintiff, the basic pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## ARGUMENT

### I. DCPS is not a corporate body and Plaintiff cannot sue it as such.

Plaintiff has named DCPS as the defendant in this lawsuit, but DCPS is a subordinate agency of the District of Columbia and is *non sui juris*. *See* D.C. Code § 1-603.01 (2001 ed.). If a department or agency of a municipality is not a corporate body, it cannot be sued as such. 3 McQuillian Municipal Corporations § 12.40, at 242 (rev. 3d ed.

4

1990).  This jurisdiction has consistently applied this rule to dismiss governmental agencies or departments within the District of Columbia government.  *See Trifax Corp. v. District of Columbia*, 53 F. Supp. 2d 20, 26 (D.D.C. 1999) (Kessler, J.) (Office of Inspector General, Dep't. of Health, Dep't. of Administrative Services and DHS); *Gales v. D.C.*, 47 F. Supp. 2d 43, 48 (D.D.C. 1999) (Robertson, J.); *Arnold v. District of Columbia*, 980 F. Supp. 28, 33 (D.D.C. 1997) (Lamberth, J.) (dismissing claims against D.C. Department of Corrections); *Cooke-Seals v. District of Columbia*, 973 F. Supp. 184, 186 (D.D.C. 1997) (Robertson, J.) (MPD); *Milliner v. D.C.*, 932 F. Supp. 345, 347 (D.D.C. 1996) (Harris, J.) (DHS's Alcohol and Drug Abuse Services Admin.).

"In the absence of explicit statutory authorization, bodies within the District of Columbia government are not suable as separate entities."  *Kundrat v. District of Columbia*, 106 F. Supp.2d 1, 7 (D.D.C. 2000) (citing *Milliner v. District of Columbia*, 1993 WL 83738, *1 (D.D.C. 1993)).  Such is the case here.  The Court may therefore properly dismiss the Amended Complaint for failure to name the proper defendant.  Moreover, even if the Court were to substitute the District of Columbia as the proper defendant, it should still dismiss the Amended Complaint for failure to state a cause of action.

   **II.  *Plaintiff has failed to state a claim for retaliation or discrimination.***

Plaintiff appears to claim that he was terminated at some point in 2015 in retaliation for filing two EEOC charges against DCPS (# 570-2013-00289 and # 570-2015-

5

00213) that were "closed" in or about February 2015.[2] *See* Original Complaint [1] at p. 1 ("[DCPS] then retaliated against me by terminating my employment using a pretext reasons [sic] to hide retaliatory discrimination under Title VII."); Am. Compl. [2] at p. 2 ("DCPS terminated my employment in 2015 by instituting unlawful employment practices, which were a direct violation of Title VII . . . for retaliatory discrimination.")

Plaintiff fails to state a claim for retaliation or discrimination based on religion, age, and gender under Title VII because he makes conclusory allegations unsupported by any factual allegations. He simply states in conclusory terms that he was terminated in retaliation for filing prior EEOC complaints. This is insufficient.

Although a court must accept a complaint's allegations as true, "[t[hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 668 (citing *Twombly, supra,* 550 U.S. at 555). "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that,

---

[2]  It does not appear that Plaintiff is making a claim for discrimination based in the subject of the prior EEOC complaints (# 570-2013-00289 and # 570-2015-00213). Any such claim would be time-barred in any event, as it appears that any right to sue letter would have been sent in February 2015, and Plaintiff's complaint, filed on April 8, 2016, was long after the ninety day time for filing expired. *See* 42 U.S.C. § 2000e-5 (a plaintiff must file a civil action "within ninety days after giving of [] notice"); *see also Josiah-Faeduwor v. Commc'ns Satellite Corp.*, 785 F.2d 344, 344 (D.C. Cir. 1986) (Title VII "affords a complainant 90 days after receipt of a right-to-sue notice from the Equal Employment Opportunity Commission [] to bring suit in court"); *Taye v. Amundson*, 908 F. Supp. 21, 23 (D.D.C. 1995) ("A private action brought to enforce a right arising under Title VII must be filed 'within 90 days after the giving of [] notice' of a right to sue."). The 90–day time limit "functions like a statute of limitations." *Wiley v. Johnson*, 436 F.Supp.2d 91, 96 (D.D.C. 2006).

because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. Plaintiff's bare assertions then are insufficient to state a claim under Title VII. Such conclusory claims, without more, cannot survive. *See e.g. Johnson v. District of Columbia*, 49 F. Supp. 3d 115, 121 (D.D.C. 2014) (granting a motion to dismiss on a plaintiff's Title VII claim because she merely made conclusory allegations that there was a "pattern of discriminatory conduct" and that she was "disrespected by supervisors" and "subjected to false accusations").

Thus, Plaintiff fails to state a claim for retaliation and discrimination based on age, religion, and gender under Title VII or the ADEA.

## **CONCLUSION**

Based on the foregoing, the Court should dismiss the amended complaint.

Dated May 2, 2016               Respectfully submitted,

                               KARL A. RACINE
                               Attorney General for the District of Columbia

                               GEORGE C. VALENTINE
                               Deputy Attorney General
                               Civil Litigation Division

                               */s/ Jonathan H. Pittman*
                               JONATHAN H. PITTMAN [430388]
                               Assistant Deputy Attorney General
                               Civil Litigation Division

                               */s/ Martha J. Mullen*
                               MARTHA J. MULLEN [419036]
                               Senior Assistant Attorney General

(202) 724-6612
martha.mullen@dc.gov

/s/ Tram T. Pham
TRAM T. PHAM*
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, N.W., Suite 630 South
Washington, D.C. 20001
 (202) 724-6644
tram.pham@dc.gov

*Admitted to practice only in California.  Practicing in the District of Columbia under the direct supervision of Martha J. Mullen, a member of the D.C. Bar, pursuant to D.C. Court of Appeals Rule 49(c)(4).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAOUD A. RASHEED,**<br><br>*Plaintiff,*<br>v.<br><br>**DISTRICT OF COLUMBIA PUBLIC SCHOOLS,**<br><br>*Defendant.* | 1:16-cv-00665 (CKK) |

## ORDER

**UPON CONSIDERATION** of Defendant's Motion to Dismiss, the memorandum in support, any opposition and reply thereto, and the entire record, it is hereby

**ORDERED** that Defendant's motion is **GRANTED,** and

**ORDERED** that the complaint is **DISMISSED** on this _____ day of _____ _____, 2016.

_____
COLLEEN KOLLAR-KOTELLY
DISTRICT COURT JUDGE