UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAOUD A. RASHEED,**<br><br>*Plaintiff,*<br>v.<br><br>**DISTRICT OF COLUMBIA,**<br><br>*Defendant.* | 1:16-cv-00665 (CKK) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant District of Columbia answers Plaintiff's Second Amended Complaint. Except as hereinafter expressly admitted, qualified, or otherwise admitted, Defendant specifically denies each allegation, statement, matter and thing contained in the complaint and on information and belief responds below in like-numbered paragraphs.

## FIRST DEFENSE

The Second Amended Complaint fails to state a claim upon which relief may be granted against Defendant.

1

## SECOND DEFENSE

In response to the numbered allegations of the Second Amended Complaint, Defendant responds as follows:[1]

### Jurisdiction

1.    Defendant acknowledges the existence of the enumerated statute in paragraph 1 of the Second Amended Complaint but denies that jurisdiction is necessarily conveyed thereby.

2.    Defendant acknowledges the existence of the enumerated statute in paragraph 2 of the Second Amended Complaint but denies that jurisdiction is necessarily conveyed thereby.

3.    Defendant acknowledges the existence of the enumerated statutes in paragraph 3 of the Second Amended Complaint but denies that Plaintiff has a claim under those enumerated statutes.  Defendant further denies that Plaintiff's rights were violated.

4.    Defendant admits that the EEOC sent a Dismissal and Notice of Rights letter addressed to Plaintiff and dated January 8, 2016.  Defendant is without sufficient information to form a belief as to the truth of the remaining allegations set forth in paragraph 4, and therefore denies the same and demands strict proof.

---

[1] For convenience and ease of reference only, Defendant use the headings appearing in Plaintiff's Second Amended Complaint in providing its response to the paragraphs contained therein.

5.      Defendant admits that Plaintiff filed a complaint on April 8, 2016 in the United States District Court for the District of Columbia within ninety days of his receipt of his EEOC Dismissal and Notice of Rights form dated January 8, 2016.

6.      Defendant acknowledges the federal rule referenced but denies that all amendments referenced in paragraph 6 of Plaintiff's Second Amended Complaint relate back to the date of the original pleading.

7.      Admitted.

## Parties

8.      Admitted.

9.      Admitted.

## Facts

10.     Defendant admits that on December 8, 2009 Plaintiff was hired as a custodian for Wheatley Education Campus.  Defendant is without sufficient information to form a belief as to the truth of the remaining allegations, and therefore denies the same and demands strict proof.

11.     Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 11, and therefore denies the same and demands strict proof.

12. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 12, and therefore denies the same and demands strict proof.

13. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 13, and therefore denies the same and demands strict proof.

14. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 14, and therefore denies the same and demands strict proof.

15. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 15, and therefore denies the same and demands strict proof.

16. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 16, and therefore denies the same and demands strict proof.

17. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 17, and therefore denies the same and demands strict proof.

18. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 18, and therefore denies the same and demands strict proof.

19. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 19, and therefore denies the same and demands strict proof.

20. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 20, and therefore denies the same and demands strict proof.

21. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 21, and therefore denies the same and demands strict proof.

22. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 22, and therefore denies the same and demands strict proof.

23. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 23, and therefore denies the same and demands strict proof.

24. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 24, and therefore denies the same and demands

strict proof. Defendant further denies that his request to conduct Friday prayers was rejected due to his religion.

25. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 25, and therefore denies the same and demands strict proof.

26. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 26, and therefore denies the same and demands strict proof.

27. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 27, and therefore denies the same and demands strict proof.

28. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 28, and therefore denies the same and demands strict proof. Defendant further denies that Plaintiff was removed from his position due to his religion.

29. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 29, and therefore denies the same and demands strict proof.

30. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 30, and therefore denies the same and demands strict proof.

31. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 31, and therefore denies the same and demands strict proof. Defendant further denies that Plaintiff's religious needs were not accommodated.

32. Denied.

33. Denied.

34. Denied.

35. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 35, and therefore denies the same and demands strict proof.

36. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 36, and therefore denies the same and demands strict proof.

37. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 37, and therefore denies the same and demands strict proof. Defendant further denies that Plaintiff's alleged grievances were not addressed or remedied due to his religion.

38. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 38, and therefore denies the same and demands strict proof.

39. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 39, and therefore denies the same and demands strict proof. Defendant further denies that there was a conspiracy to remove and replace Plaintiff.

40. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 40, and therefore denies the same and demands strict proof.

41. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 41, and therefore denies the same and demands strict proof.

42. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 42, and therefore denies the same and demands strict proof.

43. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 43, and therefore denies the same and demands strict proof.

44. Denied.

45. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 45, and therefore denies the same and demands strict proof.  Defendant denies that the alleged call was made.

46. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 46, and therefore denies the same and demands strict proof.

47. Denied.

48. Defendant admits that Plaintiff filed a charge of discrimination with the Office of Human Rights, dated November 13, 2012, alleging discrimination based on religion.  Defendant admits that a Dismissal and Notice of rights was issued, dated February 23, 2016.

49. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 49, and therefore denies the same and demands strict proof.  Defendant further denies that Plaintiff received disciplinary action without cause.

50. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 50, and therefore denies the same and demands strict proof.

51. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 51, and therefore denies the same and demands strict proof.

52. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 52, and therefore denies the same and demands strict proof.  Defendant further denies that proper equipment was purposely withheld from Plaintiff.

53. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 53, and therefore denies the same and demands strict proof.

54. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 54, and therefore denies the same and demands strict proof.

55. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 55, and therefore denies the same and demands strict proof.

56. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 56, and therefore denies the same and demands strict proof.

57. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 57, and therefore denies the same and demands strict proof.

58. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 58, and therefore denies the same and demands strict proof. Defendant further denies that Plaintiff was prevented from participating in his weekly prayers.

59. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 59, and therefore denies the same and demands strict proof.

60. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 60, and therefore denies the same and demands strict proof.

61. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 61, and therefore denies the same and demands strict proof. Defendant admits that Plaintiff was issued an EEOC Dismissal and Notice of Rights form dated January 8, 2016.

62. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 62, and therefore denies the same and demands strict proof.


**First Claim for Relief – Disparate Treatment Religious Discrimination in Violation of Title VII of the Civil Rights Act of 1964 and the District of Columbia Human Rights Act (DCHRA), D.C. Code section 2-1402.11**

63. Defendant incorporates its answer in paragraphs 1 through 62.

64. The allegations in paragraph 64 are legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the same.

65. The allegations in paragraph 65 are legal conclusions for which no answer is required. To the extent an answer is required, Defendant denies the same.

66. The allegations in paragraph 66 are legal conclusions for which no answer is required. To the extent an answer is required, Defendant denies the same.

67. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 67, and therefore denies the same and demands strict proof.

68. The allegations in paragraph 68 are legal conclusions for which no answer is required. To the extent an answer is required, Defendant denies the same.

69. The allegations in paragraph 69 are legal conclusions for which no answer is required. To the extent an answer is required, Defendant denies the same.

70. The allegations in paragraph 70 are legal conclusions for which no answer is required. To the extent an answer is required, Defendant denies the same.

71. The allegations in paragraph 71 are legal conclusions for which no answer is required. To the extent an answer is required, Defendant denies the same.

72. The allegations in paragraph 72 are legal conclusions for which no answer is required. To the extent an answer is required, Defendant denies the same.

73. The allegations in paragraph 73 are legal conclusions for which no answer is required. To the extent an answer is required, Defendant denies the same.

**Second Claim for Relief – Hostile Work Environment in Violation of Title VII of the Civil Rights Act of 1964 and the District of Columbia Human Rights Act, D.C. Code section 2-1402.11**

74. Defendant incorporates its responses in paragraphs 1 through 73.

75. The allegations in paragraph 75 are legal conclusions for which no answer is required. To the extent an answer is required, Defendant denies the same.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. The allegations in paragraph 80 are legal conclusions for which no answer is required. To the extent an answer is required, Defendant denies the same.

81. The allegations in paragraph 81 are legal conclusions for which no answer is required. To the extent an answer is required, Defendant denies the same.

By way of further answer to the Second Amended Complaint, Defendant states:

**THIRD DEFENSE**

Plaintiff may have failed to exhaust his administrative remedies and failed to comply with other mandatory filing requirements.

**FOURTH DEFENSE**

There was no discriminatory motive or intent for any adverse employment action against Plaintiff.

**FIFTH DEFENSE**

Plaintiff's religion was not a motivating factor for any adverse employment action against him.

**SIXTH DEFENSE**

Any adverse employment action taken against Plaintiff was based on a legitimate, nondiscriminatory reason.

**SEVENTH DEFENSE**

Plaintiff was not subjected to unwelcome verbal or physical conduct.

**EIGHTH DEFENSE**

Plaintiff was not subjected to harassment based on his religion.

**NINTH DEFENSE**

There was no severe or pervasive conduct such that it changed the terms and conditions of Plaintiff's employment.

## TENTH DEFENSE

There is no basis to impute liability to the District of Columbia.

## ELEVENTH DEFENSE

Defendant exercised reasonable care to prevent and promptly correct any alleged harassing conduct.

## TWELFTH DEFENSE

Plaintiff failed to take advantage of any preventative or corrective opportunities provided by Defendant.

## THIRTEENTH DEFENSE

Plaintiff's claims against Defendant are barred under the doctrines of absolute, official, discretionary function, and/or qualified immunity.

## FOURTEENTH DEFENSE

Plaintiff's claims are or may be barred by the applicable statute of limitations.

## FIFTEENTH DEFENSE

Plaintiff's claims are or may be barred under the doctrine of laches and unclean hands.

## SIXTEENTH DEFENSE

Plaintiff may have failed to comply with the mandatory notice requirements of D.C. Code § 12-309.

## SEVENTEENTH DEFENSE

Plaintiff may have failed to mitigate damages.

## EIGHTEENTH DEFENSE

Defendants did not interfere with an rights granted to Plaintiff by the Constitution, or any statute, other applicable law, or regulation,

## SET-OFF

Defendant claims a set-off against any judgment awarded to Plaintiff equal to any amount of funds paid by the District of Columbia in the form of Medicaid or any other governmental source that Plaintiff has received as a result of or in connection with the events about which he complains.

Defendant reserves the right to amend its answer to the Second Amended Complaint to assert additional defenses or withdraw defenses, and to add counterclaims as may become necessary after reasonable opportunity, or discovery has occurred up to and including the trial in this matter.

## JURY DEMAND

Defendant hereby demands a trial by the greatest number of jurors permitted by law as to all issues so triable.

    Respectfully submitted,

    KARL A. RACINE
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE

Deputy Attorney General, Civil Litigation Division

/s/ *Michael K. Addo*
MICHAEL K. ADDO [1008971]
Chief, Civil Litigation Division Section IV

/s/ *Martha J. Mullen*
MARTHA J. MULLEN [419036]
Senior Assistant Attorney General
(202) 724-6612
martha.mullen@dc.gov

/s/ *Tram T. Pham*
TRAM T. PHAM*
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
(202) 724-6644
tram.pham@dc.gov
*Counsel for Defendant*

*Admitted to practice only in California.  Practicing in the District of Columbia under the direct supervision of Martha J. Mullen, a member of the D.C. Bar, pursuant to D.C. Court of Appeals Rule 49(c)(4).*