| | |
|---|---|
| DAOUD RASHEED,<br>    *Plaintiff*,<br><br>    v.<br><br>DISTRICT OF COLUMBIA PUBLIC SCHOOLS,<br>    *Defendant*. | Civil Action No. 16-00665 (CKK) |

**MEMORANDUM OPINION**
(August 6, 2019)

Presently before the Court is Defendant District of Columbia Public Schools' [66] Motion for Judgment on the Pleadings. Defendant moves for judgment on Plaintiff Daoud Rasheed's Second Amended Complaint on the grounds that (1) Plaintiff's Title VII claims are time-barred by the statutory 90-day time period; (2) Plaintiff has not exhausted his Title VII claims; and, (3) if Plaintiff has no federal claim, this Court should not assert supplemental jurisdiction over Plaintiff's District of Columbia Human Rights Act ("DCHRA") claims. Upon consideration of the pleadings, the relevant legal authorities, and the record in this case, this Court GRANTS IN PART and DENIES IN PART Defendant's [66] Motion for Judgment on the Pleadings.[1] This Court shall GRANT Defendant's motion as it pertains to Plaintiff's hostile work environment claims and DENY Defendant's motion as it pertains to Plaintiff's religious discrimination claims and the timeliness of Plaintiff's Title VII claims.

---

[1] In connection with this Opinion, the Court considered Plaintiff's [15] Second Amended Complaint, Defendant's [19] Answer, Defendant's [66] Motion for Judgment on the Pleadings, Plaintiff's [67] Opposition To Defendant's Motion, Defendant's [68] Reply in support of its Motion, Defendant's [69] Response pursuant to the Court's May 31, 2019 Order, and Plaintiff's [70] Response pursuant to the Court's order dated May 31, 2019.

# I. BACKGROUND

Plaintiff Daoud Rasheed's Second Amended Complaint is predicated on an alleged denial — because of his religion — of employment benefits including equal pay, work assignments, schedule, and leave time. Second Am. Compl. ¶ 64, ECF No. 15. Plaintiff alleges that he suffered various types of discrimination for being a Muslim, such as being humiliated for adhering to a traditional Muslim appearance, denied leave time for his religious practices of afternoon prayer and an annual pilgrimage, assigned disproportionately large workloads; and suffering a pay decrease, as well as the termination of his employment. *Id.* ¶¶ 23-25, 33, 62, 66, 69, 72.

Plaintiff began working for Defendant on December 8, 2009 and received a final notice of termination of employment on August 7, 2015. *Id.* ¶¶ 10, 62. During his employment with Defendant, Plaintiff served as a custodian in three different schools in the District of Columbia Public School System. *Id.* ¶¶ 10-12. Plaintiff alleges that throughout his employment with Defendant, he experienced religious discrimination and was subjected to a hostile work environment because he was Muslim. *Id.* ¶¶ 73, 81. After being terminated, Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on December 31, 2015, alleging religious discrimination and retaliation. Ex. 66-1. Plaintiff stated that the allegedly discriminatory incidents occurred between November 12, 2013 and August 7, 2015. *Id.* The EEOC issued Plaintiff a right-to-sue letter with a mailing date of January 8, 2016. Ex. 66-3.

On April 8, 2016, Plaintiff filed his original [1] Complaint pro se in the United States District Court for the District of Columbia. Compl., ECF No. 1. Plaintiff filed an [2] Amended Complaint on April 11, 2016, again filing pro se. Am. Compl., ECF No. 2. Defendant filed a [4]

Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Procedure 12(b)(6), and subsequently Plaintiff filed a [13] Consent Motion for Leave to File a Second Amended Complaint. Def.'s Mot., ECF No. 4; Pl's Mot., ECF No. 13. This Court granted Plaintiff's [13] Consent Motion for Leave to File a Second Amended Complaint, and this Court denied Defendant's [4] Motion to Dismiss the Amended Complaint. Plaintiff's [15] Second Amended Complaint alleges claims under Title VII for religious discrimination and hostile work environment and identical claims under the DCHRA. Second Am. Compl., ECF No. 15. The parties were engaged in discovery until this Court granted Defendant's [64] Consent Motion to Stay Discovery pending resolution of the instant Motion for Judgment on the Pleadings. Defendant's Motion is ripe for consideration by this Court.

## II. LEGAL STANDARD

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). The standard for reviewing a motion for judgment on the pleadings is "virtually identical" to that applied to a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Baumann v. District of Columbia,* 744 F. Supp. 2d 216, 221 (D.D.C. 2010) (Kollar-Kotelly, J.). Under rule 12(c) — as under rule 12(b)(6) — a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955. "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937.

A motion to dismiss may be granted on statute of limitations grounds only if apparent from the face of the complaint. *See Nat'l R.R. Passenger Corp. v. Lexington Ins. Co.,* 357 F. Supp. 2d 287, 292 (D.D.C.2005). "Because statute of limitations defenses often are based on contested facts, the court should be cautious in granting a motion to dismiss on such grounds; 'dismissal is appropriate only if the complaint on its face is conclusively time-barred.'" *Rudder v. Williams*, 47 F. Supp. 3d 47, 50 (D.D.C. 2014) (quoting *Firestone v. Firestone,* 76 F.3d 1205, 1209 (D.C. Cir. 1996)).

Because a Rule 12(c) motion "would summarily extinguish litigation at the threshold and foreclose the opportunity for discovery and factual presentation," courts must approach such motions "with the greatest of care" and deny them "if there are allegations in the complaint which, if proved, would provide a basis for recovery." *Haynesworth v. Miller,* 820 F.2d 1245, 1254 (D.C. Cir. 1987), *abrogated on other grounds by Hartman v. Moore,* 547 U.S. 250, 126 S. Ct. 1695, 164 L. Ed. 2d 441 (2006). "The court is limited to considering the facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record." *Baumann,* 744 F. Supp. 2d at 222.

Accordingly, for purposes of the pending motion, this Court takes judicial notice of the Charge of Discrimination filed by Plaintiff with the D.C. Office of Human Rights, Ex. 66-1, the Intake Questionnaire provided by the United States Equal Employment Opportunity Commission, Ex. 66-2, and the Dismissal and Notice of Rights issued by the United States Equal Employment Opportunity Commission, Ex. 66-3. *See Grant v. Dep't of Treasury*, 194 F. Supp. 3d 25, 28 n.2 (D.D.C. 2016) (a "Final Agency Decision . . . [is] [an] official, public document[] subject to judicial

notice"). Judicial notice is taken solely for the purposes of ascertaining when the Charge of Discrimination was filed with the D.C. Office of Human Rights (December 31, 2015), the claims addressed in the Charge and in the Intake Questionnaire, and the date the EEOC mailed a Dismissal and Notice of Rights (January 8, 2016).

### III. DISCUSSION

#### A. Plaintiff's Title VII Claims Are Not Time-Barred

Pursuant to Title VII of the Civil Rights Act of 1964, a plaintiff may commence a civil action claiming discrimination "within ninety days after the giving of [an EEOC right-to-sue] notice." 42 U.S.C. § 2000e–5(f)(1). The 90-day period is tolled the day after the EEOC right-to-sue letter is received. *Akridge v. Gallaudet Univ.,* 729 F. Supp. 2d 172, 178 (D.D.C. 2010) (citing Fed. R. Civ. P. 6(a)(1)). It is presumed that the right-to-sue letter was mailed on the same date of its issuance. *Akridge*, 729 F. Supp. 2d at 178; *Anderson v. Local 201 Reinforcing Rodmen,* 886 F. Supp. 94, 97 (D.D.C. 1995). When the receipt date of the right-to-sue notice is unknown or disputed, courts may presume that the letter was received three or five days after it was mailed. *Hammel v. Marsh USA Inc.*, 79 F. Supp. 3d 234, 242 (D.D.C. 2015) (Kollar-Kotelly, J.); *Mack v. WP Co.*, 923 F. Supp. 2d 294, 299 (D.D.C. 2013).

The 90-day filing deadline, like a statute of limitations, is not jurisdictional and is subject to waiver, estoppel, and equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S. Ct. 1127, 1132, 71 L. Ed. 2d 234 (1982); *Mondy v. Sec. of the Army*, 845 F.2d 1051, 1057 (D.C. Cir. 1998). Equitable tolling is applied sparingly, and the plaintiff has the burden of showing they undertook diligence in filing and that there were extraordinary circumstances that caused them to miss the deadline. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 457, 112 L. Ed. 2d 435 (1990); *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005). However, absent a recognized equitable consideration, courts will dismiss a claim

for missing the 90-day deadline by even one day. *McAlister v. Potter*, 733 F. Supp. 2d 134, 142 (D.D.C. 2010).

In this case, the EEOC issued a Dismissal and Notice of Rights, which had a mailing date of January 8, 2016. Ex. 66-3. Plaintiff argues that his Title VII claims were timely filed and has indicated that he "received the dismissal and notice of rights to the best of [his] knowledge on or about January 11, 2016." Pl.'s Resp. to Order, ECF. No. 70. Defendant admitted to having "no knowledge of when Plaintiff received the Notice of Rights letter from the EEOC." Def.'s Resp. to Order, ECF No. 69. Plaintiff's assertion of receipt date, combined with the presumption that the Notice would be received 3-5 days after it was mailed, and the fact that Defendant does not refute Plaintiff's assertion nor the 3-day presumption, leads this Court to find that Plaintiff's Title VII claims were timely filed within 90 days after the EEOC's right to sue notice. Plaintiff received the right to sue letter on or about January 11, 2016, and he filed suit on April 7, 2016, 87 days later. Accordingly, Defendant's allegation that Plaintiff's Title VII claims are time barred is without merit.

B. Exhaustion of Title VII Claims

"Before filing a lawsuit under the ADA, Title VII, or ADEA, a plaintiff must exhaust her administrative remedies by filing a charge of discrimination with the EEOC." *Cooper v. Henderson*, 174 F. Supp. 3d 193, 202 (D.D.C. 2016) (citing 29 U.S.C. § 626(d)(1) and 42 U.S.C. § 2000e–5(e)(1)). While the exhaustion of administrative remedies "should not be construed to place a heavy technical burden" on the Title VII plaintiff, it is not "a mere technicality." *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995), *cert. denied*, 519 U.S. 811, 117 S. Ct. 57, 136 L. Ed. 2d 20 (1996) (internal quotation marks omitted). The exhaustion requirement serves the purposes of (1) providing an opportunity for the administrative

investigation of the claimant's allegations; (2) affording the charged party prompt notice of those allegations; (3) promoting the informal resolution of claims; and (4) ensuring the preservation of evidence relating to the claimant's allegations. *Schuler v. PrincewaterhouseCoopers, LLP*, 514 F.3d 1365, 1376 (D.C. Cir. 2008); *Ndondji v. InterPark Inc.*, 768 F. Supp. 2d 263, 276 (D.D.C. 2011).

A plaintiff who files a timely administrative charge may proceed with a subsequent civil suit in federal court that is "limited in scope to claims that are like or reasonably related to the allegations of the charge and growing out of such allegations." *Park*, 71 F.3d at 907 (internal quotation marks and citations omitted). If discriminatory acts alleged by a plaintiff in the complaint are "not articulated in the administrative charge, are not reasonably related to the allegations in the charge, and do not fall within the scope of any administrative investigation that can reasonably be expected to follow, [the plaintiff] may not proceed with these additional claims without first exhausting the administrative process." *Shipman v. Nat'l R.R. Passenger Corp. (AMTRAK)*, 241 F. Supp. 3d 114, 123 (D.D.C. 2017) (Kollar-Kotelly, J.), *aff'd sub nom. Shipman v. Nat'l R.R. Passenger Corp.*, No. 17-5066, 2017 WL 4217244 (D.C. Cir. Aug. 1, 2017). This standard "serves the important purpose[] of giving the charged party notice of the claim and narrow[ing] the issues for prompt adjudication and decision." *Latson v. Holder*, 82 F. Supp. 3d 377, 384 (D.D.C. 2015) (quoting *Park*, 71 F.3d at 907) (internal quotation marks omitted). "Exhaustion of administrative remedies is an affirmative defense which defendants must prove by a preponderance of the evidence." *Coclough v. Akal Security, Inc.*, 303 F. Supp. 3d 123, 131 (D.D.C. 2018).

To determine if Plaintiff exhausted his administrative remedies, this Court must look at Plaintiff's EEOC Charge of Discrimination.

**1. Plaintiff's EEOC Charge exhausted his administrative remedies for his religious discrimination claim.**

"While the boxes [on the EEOC Charge] aid a claimant in identifying the nature of her charge, a claimant is not necessarily limited to the boxes she selected if she provides a basis for her claims in her written explanation." *Robinson Reeder v. Am. Council on Educ.*, 532 F. Supp. 2d 6, 13 (D.D.C. 2008), *aff'd*, 417 Fed. App'x 4 (D.C. Cir. 2011); *see also Maryland v. Sodexho, Inc.,* 474 F. Supp. 2d 160, 162 (D.D.C. 2007) ("If an employee is uncertain of the cause of discrimination that he believes has occurred, he need only describe it in the text of the charge form."). "[T]he law does not hold an employee to the use of magic words to make out a proper discrimination charge. Instead, a plaintiff must only alert the EEOC and the charged employer with the nature of the alleged wrongdoing." *Johnson-Parks v. D.C. Chartered Health Plan*, 806 F. Supp. 2d 267, 270 (D.D.C. 2011) (internal quotation marks and citation omitted). "[W]hile a complainant need not describe every factual detail of her claim to satisfy the exhaustion requirement, she cannot file 'a vague or circumscribed EEOC charge' and expect that charge to 'satisfy the exhaustion requirement for claims it does not fairly embrace.'" *Craig v. District of Columbia*, 74 F. Supp. 3d 349, 365 (D.D.C. 2014) (quoting *Marshall v. Fed. Express Corp.*, 130 F.3d 1095, 1098 (D.C. Cir. 1997)).

In this case, since Plaintiff checked the box for "retaliation" as the basis for his discrimination claim, leaving the box for "religion" blank, this Court must examine the particulars section on Plaintiff's EEOC claim to determine if he exhausted his religious discrimination claim. Ex. 66-1. Plaintiff's accompanying narrative in the particulars section discusses the history of the alleged discrimination and Plaintiff's two prior EEOC Charges, stating:

> During my employment I was an otherwise satisfactory employee until around on or about September 2012 when *I started being subjected to discrimination based on my religion . . . On or about November 2012 I filed the first of two EEOC Charges against my employer,*

8

*[] in hopes that the discrimination would end but it did not and my employer continued its discriminatory [] behaviors* so I filed another charge of discrimination with the EEOC, [] on or about November 2014 *describing additional new allegations of the discrimination*.

Ex. 66-1 (emphasis added). This Court notes that Plaintiff did not check the box on the EEOC Charge labeled "religion," but determines there is sufficient information in Plaintiff's narrative for this Court to find that he exhausted his administrative remedies regarding his religious discrimination claim.

The evidence suggests that Plaintiff filed his EEOC Charge without assistance from an attorney, and "[his] confusion regarding what claims [he] could bring could be expected in a remedial scheme in which laypersons, rather than lawyers, are expected to initiate the process." *Klotzbach-Piper v. Nat'l R.R. Passenger Corp.*, 373 F. Supp. 3d 174, 190-191 (D.D.C. 2019) (internal quotation marks omitted) (finding that while the plaintiff's "allegations in the EEOC intake questionnaire were somewhat confusing," the omission of a disability claim in the ensuing EEOC Charge was not a "knowing abandonment of that disability claim," where "there was no indication that [the plaintiff] was represented by a lawyer at the time she filled out the questionnaire or filed the charge").

While Plaintiff's charge may not be detailed, this Court determines it was sufficient to put the EEOC and Defendant on notice of Plaintiff's religious discrimination claim. This Court determines that Plaintiff's allegation of religious discrimination in his Second Amended Complaint is "reasonably related to the allegations of the charge," and would reasonably "grow[] out of such allegations," *Park*, 71 F.3d at 907 (internal quotation marks omitted), given that Plaintiff specified he "started being subjected to discrimination based on [his] religion." Ex. 66-1. Therefore, this Court concludes that Plaintiff exhausted his administrative remedies with regard to his religious discrimination claim.

## 2. Plaintiff's EEOC Charge did not exhaust his administrative remedies for his hostile work environment claim.

As previously stated, "Title VII claims must arise from the administrative investigation that can reasonably be expected to follow the charge of discrimination." *Park*, 71 F.3d at 907 (internal quotation marks omitted). "A claimant is not necessarily limited to the boxes selected in the administrative complaint as a basis for the claim if his written explanation can provide a basis for identifying the nature of his claims." *Ndondji*, 768 F. Supp. 2d at 276 (citing *Robinson-Reeder v. Am. Council Educ.*, 532 F. Supp. 2d 6, 13 (D.D.C. 2008)). In order to state a claim for hostile work environment, Defendant's discriminatory actions must be sufficiently severe or pervasive as to "alter the conditions of [the plaintiff's] employment and create an abusive working environment." *Hussain v. Nicholson*, 435 F.3d 359, 366 (D.C. Cir. 2006) (internal quotation marks omitted).

There is no indication on Plaintiff's EEOC Charge that he intended to allege the presence of a hostile work environment, as Plaintiff only checked the box "retaliation," and did not describe a hostile work environment in his narrative. Ex. 66-1. While there is no separate box on the EEOC Charge labeled "hostile work environment", a complainant can use the particulars section, which invites them to attach extra sheets of paper if needed, to describe an allegation of hostile work environment. *See Crawford v. Duke*, 867 F.3d 103, 110-11 (D.C. Cir. 2017) (holding that the plaintiff exhausted his hostile work environment claim when he alleged his suspension was "a continuation of the hostile environment [he had] been receiving").

In this case, Plaintiff wrote, "I [was] [] subjected to discrimination based on my religion and retaliated against also when I opposed the discrimination," and "[m]y employer then waited until my rights were exhausted under the EEOC charges I filed and then retaliated against me by terminating my employment[.]" Ex 66-1. This Court determines that Plaintiff's allegation of a

hostile work environment in his Second Amended Complaint is not "like or reasonably related to the allegations of the charge," and does not reasonably "grow[] out of such allegations," *Park*, 71 F.3d at 907 (internal quotation marks omitted), and the information on Plaintiff's EEOC Charge is insufficient to alert the EEOC or Defendant of a hostile work environment claim. Therefore, this Court concludes that Plaintiff failed to exhaust his administrative remedies regarding his hostile work environment claim. *See Park* 71 F.3d at 908-09 (concluding that the plaintiff failed to exhaust his hostile work environment claim when his EEOC Charge "lack[ed] the words 'hostile work environment'" and "contained no claims or factual allegations that could reasonably be expected upon investigation to lead to a hostile work environment claim"); *see also Sodexho*, 474 F. Supp. 2d at 162 (holding that the plaintiff failed to exhaust his hostile work environment claim when he checked only the retaliation box and wrote in the particulars section that he "was terminated in retaliation for filing a previous EEOC Charge of Discrimination").

Plaintiff's allegation of religious discrimination in his Second Amended Complaint is reasonably related to and arises in the context of the same factual allegations in his EEOC Charge. Plaintiff's allegation of hostile work environment in his Second Amended Complaint is not reasonably related to and does not arise in the context of the same factual allegations in his EEOC Charge. This Court concludes that a reasonable reading of Plaintiff's Charge of Discrimination permits the inference that Plaintiff contemplated the existence of and/or intended to assert religious discrimination, and the ensuing administrative investigation could reasonably have been expected to address the religious discrimination claim in connection with Plaintiff's allegations in his EEOC Charge. This is not true for Plaintiff's hostile work environment claim. This Court finds therefore that Plaintiff exhausted his administrative remedies for religious discrimination, and that Title VII claim survives Defendant's Motion for Judgment on the Pleadings. This Court finds that Plaintiff

did not exhaust his administrative remedies for asserting a hostile work environment claim, and accordingly, Plaintiff's Title VII claim for hostile work environment does not survive Defendant's Motion for Judgment on the Pleadings.

### 3. Plaintiff's Intake Questionnaire cannot be considered as part of his EEOC Charge for purposes of exhausting his administrative remedies.

"[A] filing is deemed a charge if the document reasonably can be construed to request agency action and appropriate relief on the employee's behalf." *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 404, 128 S. Ct. 1147, 1159, 170 L. Ed. 2d 10 (2008). Although an Intake Questionnaire and an EEOC Charge "serve different purposes," *Ahuja v. Detica Inc.*, 873 F. Supp. 2d 221, 229 (D.D.C. 2012) (Kollar-Kotelly, J.) (quoting *Barzanty v. Verizon Pa., Inc.*, 361 Fed. Appx. 411, 415 (3d Cir. 2010)) (internal quotation marks omitted), "[s]uch a questionnaire can be treated as part of the 'charge,' exhausting the claims described in it." *Haynes v. D.C. Water & Sewer Auth.*, 924 F.3d 519, 528 (D.C. Cir. 2019), *aff'g Haynes v. D.C. Water Is Life*, 271 F. Supp. 3d 142 (D.D.C. 2017) (Kollar-Kotelly, J.). "There might be instances where the indicated discrimination is so clear or pervasive that the agency could infer from the allegations themselves that action is requested and required, but the agency is not required to treat every completed Intake Questionnaire as a charge." *Holowecki*, 552 U.S. at 405, 128 S. Ct. 1147, 1159.

In this case, Plaintiff's Intake Questionnaire cannot be reasonably construed to request the EEOC to act on Plaintiff's behalf, and therefore cannot be deemed a charge. On the Intake Questionnaire there is a section that asks the employee to tell the EEOC what they would like the agency to do with the information provided on the questionnaire. Ex. 66-2. There are two boxes to choose from, Box 1 which states, "I want to talk to an EEOC employee before deciding whether to file a charge," and Box 2 which states, "I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above." *Id.* When given the opportunity to

request that the EEOC take action based on the information on the Intake Questionnaire, Plaintiff failed to check either box that would request agency action. *Id.* Given Plaintiff's failure to check either box, the Intake Questionnaire cannot "reasonably [] be construed to request agency action and appropriate relief on [Plaintiff's] behalf," and therefore cannot be deemed part of the EEOC Charge of Discrimination. *Holowecki,* 552 U.S. at 404, 128 S. Ct. 1147, 1159.

In *Haynes v. D.C. Water & Sewer Authority*, the D.C. Circuit refused to view the plaintiff's Intake Questionnaire as part of his EEOC Charge because rather than check the box that states, "I want to file a charge of discrimination," the plaintiff checked the box that states, "I want to talk to an EEOC employee before deciding whether to file a charge. I understand that by checking this box, *I have not filed a charge with the EEOC*." 924 F.3d at 528 (emphasis in original). The Circuit Court recognized that "[s]ome questionnaires may be properly understood as charges," but in that case the questionnaire was not. *Id.* In the current case, Plaintiff failed to check either box, and this Court finds that Plaintiff's Intake Questionnaire cannot be considered as part of his EEOC Charge for purposes of exhausting his administrative remedies.

Plaintiff mistakenly relies on the Circuit Court's decision in *Crawford v. Duke*, which clarified that documents attached to a formal administrative complaint are treated as part of the charge. 867 F.3d at 107. Intake Questionnaires are normally not shared with employers, *Ahuja*, 873 F. Supp. 2d at 229 (quoting *Barzanty*, 361 Fed. Appx. At 415), and in this case, there is no evidence that the Intake Questionnaire was attached to Plaintiff's EEOC Charge or that Defendant was ever made aware of the questionnaire, so Defendant would not be on notice in regard to the allegations in it. *See Park*, 71 F.3d at 908-09 (finding that plaintiff's Pre-Complaint Questionnaire did not constitute an administrative charge because it did not initiate a formal EEOC complaint and there was no evidence that the EEOC or the defendant had access to the questionnaire).

As this Court has explained, "[a] plaintiff cannot be allowed to transfer the allegations mentioned only in the questionnaire to [a timely] charge itself," because "permitting Title VII plaintiffs to routinely reach back to the contents of intake questionnaires to expand the scope of a subsequent lawsuit would, if not eviscerate, then at the very least significantly undermine the policies underlying the exhaustion requirement Congress decided to impose upon Title VII plaintiffs." *Ahuja*, 873 F. Supp. 2d at 228, 230 (internal quotation marks omitted). This Circuit emphasized in *Park* that "[t]o treat Intake Questionnaires willy-nilly as charges would be to dispense with the requirement of notification of the prospective defendant, since that is a requirement only of the charge and not of the questionnaire." 71 F.3d at 909 (quoting *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 80 (7th Cir. 1992)). Accordingly, Plaintiff's intake questionnaire is not considered to be a part of his EEOC charge for purposes of exhausting his administrative remedies.

### C. Plaintiff's DCHRA Claims

In its Motion, Defendant asserted that because Plaintiff had no viable federal claims under Title VII, this Court should not exercise supplemental jurisdiction over Plaintiff's DCHRA claims. "District courts are given supplemental jurisdiction over state claims that 'form part of the same case or controversy' as federal claims over which they have original jurisdiction." *Dyson v. Dist. of Columbia,* 808 F. Supp. 2d 84, 88 (D.D.C. 2011) (quoting 28 U.S.C. § 1367(a)). "In its discretion, the Court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." *Id.* (citing 28 U.S.C. § 1367(c)(3)). Plaintiff did not address this contention in his Opposition to the Motion. Since this Court has concluded that Plaintiff has a federal claim for religious discrimination, it need not address whether or not to exercise supplemental jurisdiction over Plaintiff's DCHRA claim for religious discrimination.

Conversely, this Court has concluded that Plaintiff has asserted no federal claim for hostile work environment, and this Court declines to exercise supplemental jurisdiction over Plaintiff's DCHRA claim for hostile work environment.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendant's [66] Motion for Judgment on the Pleadings. Plaintiff's religious discrimination claims under Title VII and the DCHRA (Count 1) survive Defendant's Motion, but Plaintiff's hostile work environment claims under Title VII and the DCHRA (Count 2) are dismissed.

An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
UNITE STATES DISTRICT JUDGE