UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAOUD RASHEED,<br><br>      *Plaintiff*,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>      *Defendant*. | 2016-cv-665 (CKK) |

**REPLY TO PLAINTIFF'S OPPOSITION TO THE DISTRICT OF COLUMBIA'S MOTION FOR SUMMARY JUDGMENT**

Defendant District of Columbia (the District) submits this reply to Plaintiff Daoud Rasheed's opposition to its motion for summary judgment.

**INTRODUCTION**

Nothing in Rasheed's opposition shows that this case warrants a trial. To the contrary, Rasheed's failure to follow Local Rule 7(h)(1) means that the Court should rely on the District's statement of facts to decide this motion. And even considering Rasheed's improperly presented factual allegations, he failed to point to any genuine material disputes to stave off summary judgment. Rasheed was terminated from his job as a custodian at Abram Simon Elementary School (Simon) because of poor evaluations. Nothing in Rasheed's Opposition shows that the District's explanation for his termination is a pretext for religious discrimination. Nor has Rasheed shown that he was denied leave because of his religion.

Instead, Rasheed incorrectly claims that the District admits he established a *prima facie* case because it does not challenge that he was a member of a protected class and suffered an adverse employment action. Although Rasheed refers to several purported adverse employment

actions in his briefing, his termination is the only action he can pursue under Title VII. He can also bring this claim and a claim that he was denied leave to attend his ex-wife's funeral under the DCHRA. But because no reasonable jury could find that Rasheed was discriminated against in either circumstance the Court should enter judgment in favor of the District.

## ARGUMENT

**I.      The Court Should Accept the District's Facts as Undisputed.**

Fed. R. Civ. P.56(e) and LCvR 7(h)(1) require that a party challenging summary judgment support their statement of material facts with citations to the record. *See* Fed. R. Civ. P. 56(C)(1)(a) (a party must support factual statements by citing particular parts of materials in the record); LCvR 7(h)(1) (an opposition must set "forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement.). This Court's Scheduling and Procedures Order emphasizes that "The Court **strictly adheres to the dictates of Local Civil Rule 7(h)."** *See* Scheduling and Procedures Order (Order) at 6 (emphasis in the original) [22]. The Order also directs the responding party provide its *own* statement of facts it contends are in dispute. *Id.*

Rather than follow this directive, Rasheed has inserted the District's facts in a section of his brief entitled "Disputes and Rebuttal to Defendant's Statement of Material Facts." Pl.'s Opp'n. at 4 [85]. Under some of the District's factual statements, Rasheed has added commentary with citations to the record. *Id.* He does not say whether these comments are denials of the District's facts or additional facts that prevent resolution of this case on summary judgement and his intentions are unclear from the content or context of these comments. Given Rasheed's failure to properly dispute the District's facts, the Court can and should treat the

District's statements of undisputed material facts as conceded. *See* Fed. R. Civ. P. 56(e)(2) ("If a party ... fails to properly address another party's assertion of fact ... the court may ... consider the fact undisputed for purposes of the motion [for summary judgment]."); LCvR 7(h)(1) (permitting the Court to "assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion").

But even if the Court were to consider Rasheed's comments in deciding the District's motion, they do not help his arguments against summary judgment. Rasheed makes factual allegations that are not material to this case. He adds information about other schools where he worked [Statement of Material Fact (SMF) Resp. 1] and claims that he was under a doctor's care in May and June 2015 and used the proper procedures to request leave [SMF Resp. 4]. Neither assertion contradicts the District's facts identified in its statement of undisputed facts or shows that any action taken against him stemmed from religious discrimination. *Id.*

Nor are the claims Rasheed raises in the comments fully supported by the record. In response to the District's statements that custodians are evaluated twice each school year using DCPS's Impact Assessment System and that employees who rate minimally effective in both cycles are terminated, Rasheed responds that he "timely filed unresolved grievances challenging his Impact Assessments." *See* SMF Resp. 5 and 10. The testimony Rasheed cites to support these statements merely shows that at some point he filed a grievance about an impact evaluation. *See* SMF Resp. 5 and 10, citing Powe's Dep. at 13, 86, 88, and 89.[1] Rasheed has

---

[1] Rasheed cites deposition testimony from Donielle Powe, the District's 30(b)(6) witness, to support this statement, but does not provide line numbers. [85-2]. Powe testified that "there was a grievance regarding his impact evaluation" 13:17-18; about what happens if a grievance is outstanding when an employee is put on administrative leave before termination; 86:1-87:10; and that she could not say for certain "whether [Rasheed] has unresolved grievances" 89:7-13.

failed to show that he timely filed grievances for the specific evaluations that led to his termination or that any particular grievance was unresolved at his termination. Nor does a filed grievance by itself show religious discrimination or pretext.

Rasheed's claim "that employees who rate minimally *[sic]* may be but are not required to be terminated," also does not create a genuine dispute of a material fact. *See* SMF Resp. 9, *citing* Powe Dep. at 169. Indeed, Powe testified that a custodian "could be separated" because of poor evaluations but was not asked and did not address when poor evaluations lead to automatic dismissal. *Id.*

In response to the District's statement that Rasheed's December 31, 2015 EEOC Charge include his claim that he was discriminated against based on his religion when he was allegedly denied a request for three days of leave to attend his ex-wife's funeral in June 2015 and to grieve her death, Rasheed comments that the December 2015 EEOC complaint "referenced his previous unresolved EEOC claims." [SMF 13]. While that EEOC complaint does mention two other EEOC claims, one filed in November 2012 and another in November 2014, Rasheed fails to explain how this is relevant to his leave in June 2015. So even if the Court does not treat the District's facts as conceded, Rasheed has failed to show that any dispute about a material fact that would bar summary judgment.

## II. The District Does Not Concede that Rasheed Made a *Prima Facie* Case of Religious Discrimination.

Rasheed incorrectly claims that because the District acknowledges that he was a member of a protected class and suffered an adverse employment action it admits he has established a *prima facie* case. Pl.'s Opp'n. at 4. This is not true for three reasons. *First,* he leaves out an important part of the standard; to make a *prima facie* case of discrimination, Rasheed must show

*a causal connection* between his membership in protected class and the adverse employment action.  *See Turner v. District of Columbia*, 383 F.Supp.2d 157, 167 (D.D.C.2005).

*Second,* the District explicitly argued that Rasheed could not make a *prima facie* case for his claim that he was denied leave in June of 2015.  Def.'s Mem. of P & A at 10 [84].  Indeed, the District showed that there was no prohibited personnel action because Rasheed was able to take all the leave he requested.  As discussed below, nothing in Rasheed's opposition contradicts this material fact.

*Finally,* under the burden-shifting framework set out in *McDonnell Douglas,* once an employer provides evidence of a legitimate, nondiscrimination reason for its action, the Court "need not—and should not—decide whether the plaintiff actually made out a *prima facie* case." *Brady v. Office of Sergeant at Arms,* 520 F.3d 490, 494 (D.C. Cir. 2008).  *See also McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1972).  Because the District had a legitimate, nonretaliatory reasons for terminating Rasheed's employment, it did not discuss whether he could make his *prima facie* case.  The District followed *Brady's* directive but did not concede that Rasheed can make a *prima facie* case.

### III. Rasheed is Limited to Claims Arising From His Request for Leave to Attend his Wife's Funeral and his Termination.

According to Rasheed, the District argues that he has no claim for religious discrimination.  Pl.'s Opp'n. at 10.  This misstates the District's position.  Although Rasheed alleged a host of discriminatory misdeeds by various DCPS employees at three different schools they cannot be the basis of his Title VII claim.  Rasheed only exhausted his administrative remedies for his claim that he was fired because of his religion.  And his DCHRA claim is limited to events that occurred after December 31, 2014.  Rasheed's claims based on a purported

denial of leave in June of 2015 to attend his former wife's funeral and his termination were the only claims timely filed.

Rasheed attempts to save his claims based on other actions by arguing that they are part of a "historical pattern of conduct" including events within the filing period. *Id*. at 11.   The Court has already rejected this argument.  In its August 6, 2019 Memorandum Opinion, the Court found that "[t]here is no indication on Plaintiff's EEOC Charge that he intended to allege the presence of a hostile work environment." Memorandum Op. at 10 [72].  Thus, the Court has explicitly found that Rasheed can only proceed under Title VII on the discrete claim asserted in his EEOC charge – that he was inappropriately terminated.

It is implicit in the Court's ruling that Rasheed's termination is a discrete action, not part of or related to any continuing violation based on his religion.  *See Ahuja v. Detica, Inc.* 742 F.Supp.2d 96, 111 (D.C. 2010) (ruling that plaintiff only had claims based on discrete acts of discrimination once the Court had dismissed a hostile work environment claim).  This is also true when evaluating his claims under the DCHRA.   Because "[e]ach discrete discriminatory act starts a new clock for filing charges" Rasheed's termination is not part of a continuing violation that include untimely acts.  *National Railroad Passenger Corp. v. Morgan,* 536 U.S. 101, 113(2002).

The only other alleged prohibited personnel action that was timely under the DCHRA is Rasheed's claim that he was not given leave to attend his former wife's funeral. This is also a discrete claim that cannot be the linchpin of a continuing violation.  "[A] continuing violation is one that could not reasonably have been expected to be made the subject of a lawsuit when it first occurred because its character as a violation did not become clear until it was repeated during the limitations period, typically because it is only its cumulative impact (as in the case of

6

a hostile work environment) that reveals its illegality." *Keohane v. United States*, 669 F.3d 325, 329 (D.C.Cir.2012).  Nothing in Rasheed's filings shows how the alleged denial of leave in June 2015 was the culmination of repeated violations that were not previously evident.  To the contrary, Rasheed had been filing EEOC Charges about the alleged violations since 2012.  *See* Def.'s Ex. H.  Consequently, Rasheed can only proceed on his claims arising from the alleged denial of leave in June 2015 and his termination.

## IV. Rasheed's Evidence Does not Show Pretext.

To survive summary judgement, Rasheed must show that the District's explanation for its employment decisions is pretext for religious discrimination. *See Brady v. Office of Sergeant at Arms*, 520 F.3d 490, 494 (D.C. Cir. 2008).  Rasheed argues that his termination was a forgone conclusion "because multiple supervisory personnel collaborated with principal Holmes" before his evaluation. Pl.'s Opp'n. at 7.  None of the evidence pointed to by Rasheed, even if it were properly before the Court, shows inappropriate collusion

Admittedly, Melissa Ellis, Instructional Superintendent of Cluster IV, asked about next steps to replace Rasheed given his attendance and performance record.  *See* Pl.'s Ex. 3 [85-5]. This email never mentions Rasheed's religion.  And it shows that the concerns about Rasheed's attendance were ongoing as does Principal Holmes's decision to put Rasheed on a leave restriction in April 2015.  *See* Pl.'s Ex. 5 [85-4].

While Rasheed asserts that Holmes's concern about his attendance is pretext or simply should not be believed because he had 278 hours of "use it or lose it annual leave," this argument is insufficient to show pretext.  *See* Pl.'s Opp'n. at 7, *citing* Powe's Dep. at 166.  *See also* Pl.'s Ex. 2 [85-3](Rasheed's pay records showing leave balance).  *First,* Holmes's letter identifies dates close in time in September through December 2014, and January 2015 through April 2015

7

when Rasheed repeatedly either called out sick, took annual leave or arrived to work late.  Pl.'s Ex. 5 [85-4].  *Second,* while the pay records Rasheed calls "Plaintiffs 2nd Sup 0089" [85-3] each show that he had more than 200 hours of annual leave at least as of April 2015, this does not show Rasheed was not abusing his leave or that his decision to call out from work repeatedly did not disrupt the agency's operations.  *Third,* the pay slips also do not show that Rasheed was in danger of forfeiting this leave.  *Fourth,* while Rasheed points to Powe's deposition transcript to support his argument that the District's reasons about his termination are pretext for its discrimination, nothing on the page cited address Rasheed's leave.  *See* Powe Dep. at 166, Pl.'s Ex. 2.  *Finally,* and more importantly, Rasheed's evidence does not establish that his termination that based on poor evaluations r by two different principals was a pretext for religious based discrimination.  Because Rasheed has not shown a material factual dispute about his termination and has not shown that the District's asserted reasons for his termination are pretextual, the District is entitled to summary judgment.

## V.     Rasheed Failed to Create A Genuine Material Factual Dispute About the Claimed Denial of Leave in June 2015.

Undisputed evidence shows that Rasheed took leave in June 2015 to attend his ex-wife's funeral and to grieve her death.  *See* Def.'s Mem. of P & A at 10.  Rather than contradict this evidence, Rasheed simply alleges that he was under a doctor's care from May 11, 2015 through June 14, 2015.  *See* Pl.'s SMF Resp. 4.  This argument does not show that he was denied leave during this period.  Additionally, without citing any evidence, Rasheed asserts that on June 5, 2015, Principal Holmes directed him to return to work.  Pl.'s Opp'n. at 85.  But Rasheed has not shown that even if he were asked to return to work for the period requested, that he did return or was penalized for not returning.

To the contrary, the evidence shows that Rasheed submitted a leave slip for the period requested and took the leave requested.  *See* Handwritten leave slip signed by Daoud Rasheed, Def.'s Ex. E.  Thus, Plaintiff has failed to show that the District took any adverse employment action against him and the Court should grant judgment to the District on this claim.

## CONCLUSION

For these reasons, the Court should grant summary judgment in the District's favor.

**Dated:  July 13, 2020**                    Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division


/s/ *Patricia A. Oxendine*
PATRICIA A. OXENDINE
D.C. Bar No. 428132
Chief, Civil Litigation Division, Section I

/s/  *Sarah L. Knapp* _____
SARAH L. KNAPP
D.C. Bar No. 470008
ASHA S. BRYANT
D.C. Bar No. 1022294
Assistant Attorneys General
Office of the Attorney General
441 Fourth Street, N.W., Suite 630 South
Washington, D.C. 20001
202-724-6528; 202-807-0359 (direct)
202-727-6295 (main);
202-741-0559; 202-741-8886 (facsimile)
sarah.knapp@dc.gov; asha.bryant2@dc.gov

*Counsel for Defendant District of Columbia*